IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alexander Patton, Jr., ) | C/A No. 6:24-cv-04384-JD-KFM |
| ) | |
| Petitioner, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Warden FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |

  The petitioner, a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## ALLEGATIONS

**Petitioner's Conviction and Sentence**

  The petitioner is currently serving concurrent one hundred and twenty month sentences (to be followed by concurrent supervised release terms of four years on one charge and two years on another charge) after pleading guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of phencyclidine ("PCP") and to being a felon in possession of a firearm. *United States v. Patton, Jr.*, C/A No. 8:16-cr-00585-PX, at docs. 188; 250 (D. Md.). The petitioner did not appeal his conviction or sentence. On August 26, 2020, the petitioner filed a motion for compassionate release. *Id*. at doc. 545. The petitioner's motion was denied on February 11, 2021. *Id*. at doc. 591. The petitioner filed a motion for a

sentence reduction on January 31, 2023, based on his medical condition, which remains pending at this time. *Id*. at doc. 639.

**Petitioner's Present Action**

In the instant matter, the petitioner challenges the execution of his sentence, arguing that he is entitled to release to a Residential Reentry Management Center ("RRC") if First Step Act ("FSA") time credits are appropriately applied to his sentence (doc. 1). The petitioner contends that his current release date is March 3, 2025, "via FSA release" (*id*. at 1). The petitioner alleges that he has an additional 295 days of FSA time credits, which would allow him immediate transfer to an RRC (*id*. at 1–2). The petitioner concedes that he has not exhausted his administrative remedies because exhaustion would be futile, so the requirement should be waived (*id*. at 2). The petitioner contends that the BOP is required to immediately transfer him to an RRC (*id*. at 2–3).

Attached to the petition and referenced in the petition, the petitioner has provided copies of a case he contends requires his release as well as BOP computation documents for the petitioner (docs. 1-1; 1-2).

## **STANDARD OF REVIEW**

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to

allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the petitioner filed this action seeking relief pursuant to 28 U.S.C. § 2241. However, for the reasons that follow, his case is subject to summary dismissal. Because the petitioner was incarcerated in the District of South Carolina at Edgefield Federal Correctional Institution ("FCI Edgefield") at the time this petition was filed and names the warden at FCI Edgefield as the respondent, his § 2241 petition is properly under consideration by this court. As noted, here, the petitioner seeks an order instructing the BOP to recalculate his sentence to reflect FSA time credits and release him to an RRC (doc. 1).

Unlike a § 2255 motion, which is filed in the trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re: Jones*, 226 F.3d 328, 332 (4th Cir. 2000). "Generally, a § 2241 petition 'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C. 2006) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)); *see United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks to the "computation and execution of the sentence rather than the sentence itself"). As noted, the petitioner seeks an order instructing the BOP to recalculate his sentence based on the FSA (doc. 1). *See Diaz v. Warden, FCI Edgefield*, C/A No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting that a § 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing calculations," including time credits) (citing *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004)).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have required prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241.  *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks and citation omitted)).  Exhaustion allows prison officials to develop a factual record and provides "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  Any arguments not advanced at each step of the administrative appeal are procedurally defaulted.  *See McCullough v. Warden of FCI Williamsburg*, C/A No. 8:19-cv-00630-BHH-JDA, 2019 WL 3308276, at *3 (D.S.C. Mar. 27, 2019), *report and recommendation adopted by* 2019 WL 3306099 (D.S.C. July 23, 2019) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002)).  Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, unless the prisoner can demonstrate cause and prejudice for the failure.  *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005).  Although the exhaustion of administrative remedies is not waivable, *United States v. Jeter*, 161 F.3d 4 (4th Cir. 1998) (table), some courts have held that the judicial exhaustion requirement of § 2241 may be excused by courts for discretionary reasons, such as where requiring exhaustion would be futile.  *See, e.g.*, *Dunkley v. Hamidullah*, C/A No. 6:06-cv-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007).  Nevertheless, courts have emphasized a petitioner's failure to exhaust administrative remedies may be excused only upon a showing of cause and prejudice.  *McClung*, 90 F. App'x at 445 (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634–35 (2d Cir. 2001)).

Here, the petitioner concedes that he has not exhausted his administrative remedies, asserting that the requirement should be waived because it is futile since he should be released to an RRC immediately (doc. 1 at 2). Vague and conclusory statements of entitlement to release or unavailable remedies, however, such as those proffered by the petitioner, do not meet the cause and prejudice standard. Further, it is unclear what type of credits under the FSA the petitioner wants added to his sentence, as his paperwork reflects credit for 365 days already (*see* docs. 1; 1-1). Accordingly, this is precisely the type of case which requires a fully developed administrative record so that the court can evaluate the BOP's calculation of how much time (if any) the BOP finds the petitioner eligible to accrue under the FSA. *Mero v. Phelps*, C/A No. 4:20-cv-03615-MGL-TER, 2020 WL 7774378, at *2 (D.S.C. Nov. 2, 2020), *report and recommendation adopted by* 2020 WL 7769784 (D.S.C. Dec. 30, 2020). Therefore, because the petitioner has not exhausted his administrative remedies, the instant matter should be dismissed. *See Lane v. Warden*, C/A No. 8:22-cv-01855-RMG, 2022 WL 2800908, at *2 (D.S.C. July 18, 2022) (dismissing § 2241 petition for failure to exhaust and noting that conclusory allegations of being eligible for immediate release did not meet the cause and prejudice standard to excuse exhaustion).

Nevertheless, even had the petitioner exhausted his administrative remedies, his petition is still subject to dismissal for failure to state a claim. The FSA governs the calculation of federal prison sentences and allows eligible inmates to earn additional time credits to be applied toward time in pre-release custody or supervised release. *See Mancillas v. Fed. Bureau of Prisons*, C/A No. SAG-22-2767, 2023 WL 5404229, at *5 (D. Md. Aug. 22, 2023) (internal citations omitted). Here, as noted by the petitioner, he has earned FSA time credits – he just disagrees with the BOP's calculation of those credits (*see* doc. 1). For example, the petitioner contends that his current release date of March 23, 2025, does not reflect application of the FSA time credits; meaning that he is within six

months of release and must be transferred to an RRC (*id*.). However, the petitioner's assertion appears based on a misreading of the sentencing computation data (*see* doc. 1-2).[1] For example, the sentence computation data indicates as follows:

> Final Statutory Release for Inmate:  03-03-2026 VIA GCT REL
>
> With applied FSA Credits:  365 Days
>
> The Inmate is Projected For Release:  03-03-2025 VIA FSA REL

(*Id*. at 3). As such, the petitioner's projected release date of March 3, 2025, already accounts for 365 days of FSA time credits (doc. 1-1 at 2). Additionally, the petitioner's reliance on *Woodley v. Warden USP Leavenworth*, from the United States District Court for the District of Kansas, does not support the petitioner's assertion that his sentence has been miscalculated (*see* docs. 1; 1-1 (citing *Woodley v. Warden, USP Leavenworth*, C/A No. 24-3053-JWL, 2024 WL 2260904 (D. Kan. May 15, 2024)). Indeed, *Woodley* involved interpretation of the FSA and found that the FSA requires the BOP to transfer a prisoner to an RRC as soon as the prisoner was eligible. *Woodley*, 2024 WL 2260904. However, in *Woodley*, the BOP agreed that the petitioner in that case was immediately eligible for transfer to an RRC – and proffered reasons the transfer had yet to occur (which the court found unavailing). *Id*. Here, on the other hand, the petitioner's entitlement to transfer to an RRC prior to September 3, 2024 (the date he is currently eligible for transfer to an RRC), is not in question. As such, *Woodley* does not provide a basis for ordering the petitioner's immediate transfer to an RRC. Accordingly, even if the petitioner had exhausted his administrative remedies, summary dismissal would still be appropriate because the petitioner's FSA time credits have already been applied to his sentence.

---

[1] *See Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (recognizing that documents can be incorporated into a pleading complaint by reference).

**RECOMMENDATION**

Accordingly, it is recommended that the petitioner's § 2241 petition be dismissed without requiring the respondent to file a return because the petitioner has failed to exhaust his administrative remedies and is not entitled to release to an RRC before the currently projected date of September 3, 2024. Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). ***The petitioner's attention is directed to the important notice on the next page.***

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald  
United States Magistrate Judge

August 30, 2024  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).