IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Patton, Jr., ) | Case No.: 6:24-cv-4384-JD-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 7), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Petitioner Alexander Patton Jr.'s ("Petitioner" or "Patton") section 2241 petition for habeas corpus.[1]

**A. Background**

Petitioner, a pro se federal prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden FCI Edgefield ("FCI Edgefield" or "Respondent"). According to the Report (DE 7), Petitioner is serving concurrent one hundred twenty-month sentences (to be followed by concurrent supervised release terms of four years on one charge and two years on another charge) after pleading

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of phencyclidine ("PCP") and to being a felon in possession of a firearm. *United States v. Patton, Jr.*, C/A No. 8:16-cr-00585-PX, at DE 188; 250 (D. Md.). Petitioner did not appeal his conviction or sentence. On August 26, 2020, Petitioner moved for compassionate release. (*Id.* at DE 545.) Petitioner's motion was denied on February 11, 2021. (*Id.* at DE 591.) Petitioner filed a motion for a sentence reduction on January 31, 2023, based on his medical condition, which remains pending. (*Id.* at DE 639.)

Petitioner challenges the execution of his sentence, arguing that he has a right to release to a Residential Reentry Management Center ("RRC") if First Step Act ("FSA") time credits are appropriately applied to his sentence (DE 1). Petitioner contends that his current release date is March 3, 2025, "via FSA release" (*id.* at 1). Petitioner alleges that he has another 295 days of FSA time credits, which would allow him immediate transfer to an RRC (*id.* at 1–2). Petitioner concedes that he has not exhausted his administrative remedies because exhaustion would be futile, so the requirement should be waived (*id.* at 2). Petitioner contends that the BOP is required to immediately transfer him to an RRC (*id.* at 2–3).

**B. Report and Recommendation**

The Magistrate Judge reviewed Patton's petition under the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus

---

[2] The Rules Governing Section 2254 apply to habeas actions brought under § 2241. *See* Rule 1(b).

statutes. Also, since Patton is pro se, the Magistrate Judge liberally construed his pleadings because he is held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

Accordingly, on August 30, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings. The Report made these findings:

(1) Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts have required prisoners to exhaust their administrative remedies before seeking habeas review under § 2241,

(2) Petitioner has not exhausted his administrative remedies, and he has not shown cause and prejudice to excuse exhaustion,

(3) Even if Petitioner exhausted his administrative remedies, his petition is still subject to dismissal for failure to state a claim, and

(4) Petitioner's reliance on *Woodley v. Warden, USP Leavenworth*, C/A No. 24-3053-JWL, 2024 WL 2260904 (D. Kan. May 15, 2024) does not provide a basis for ordering Petitioner's immediate transfer to an RRC.

(DE 7 at 4-6.) To that end, the Report recommends dismissing Patton's section 2241 petition without requiring Respondent to file a return because Petitioner has failed to exhaust his administrative remedies and is not entitled to release to an RRC before the projected date of September 3, 2024. (DE 7 at 7.) On September 19, 2024, Patton objected to the Report. (DE 10.)

**C. Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir.

3

1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objection

Patton objects to the Report, arguing that he is "entitled to immediate transfer to an RRC[]" because "[h]e has 315 days of FSA Time Credits ("FTCs") to be used towards prerelease custody[]" (DE 10 at 1) making several arguments.

1. Exhaustion would be futile.

Patton argues he "has an administrative remedy currently in progress. He does not remember what the Remedy ID was. This notoriously long process could take another 9 or 10 months to conclude, therefore making it futile." (DE 10 at 2.) However, this explanation is insufficient for the Court to determine cause and prejudice. The Report states,

> Although the exhaustion of administrative remedies is not waivable, *United States v. Jeter*, 161 F.3d 4 (4th Cir. 1998) (table), some courts have held that the judicial exhaustion requirement of § 2241 may be excused by courts for discretionary reasons, such as where requiring exhaustion would be futile. *See, e.g., Dunkley v. Hamidullah*, C/A No. 6:06-cv-2139-JFA-WMC, 2007 WL 2572256, at *2 (D.S.C. Aug. 31, 2007). Nevertheless, courts have emphasized a petitioner's failure to exhaust administrative remedies may be excused only upon a showing of cause

4

and prejudice. *McClung*, 90 F. App'x at 445 (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634–35 (2d Cir. 2001)).

(DE 7 at 4.) Exhaustion allows prison officials to develop a factual record and provides "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). The Court agrees with the Report's finding that "it is unclear what type of credits under the FSA the petitioner wants added to his sentence, as his paperwork reflects credit for 365 days already (*see* docs. 1; 1-1)." A fully developed administrative record is necessary for the Court to evaluate the BOP's calculation of how much time (if any) the BOP finds Petitioner eligible to accrue under the FSA. *Mero v. Phelps*, C/A No. 4:20-cv-03615-MGL-TER, 2020 WL 7774378, at *2 (D.S.C. Nov. 2, 2020), *report and recommendation adopted by* 2020 WL 7769784 (D.S.C. Dec. 30, 2020). Petitioner's futility argument lacks merit because an administrative process is ongoing compared to the early stages of these proceedings, marginalizing Patton's lengthy administrative process argument. Thus, Petitioner's objection is overruled.

    2. Petitioner's Reliance on *Woodley v. Warden*.

Patton argues that his circumstances are the same as *Woodley's*. (DE 10 at 2); *see also Woodley v. Warden, USP Leavenworth*, C/A No. 24-3053-JWL, 2024 WL 2260904 (D. Kan. May 15, 2024). That said, Patton asserts he is seeking "the <u>additional</u> 315 days of FTCs earned toward RRC placement. Early supervised release is not prerelease custody." (DE 10 at 2.) Putting aside Patton's dispute about the other 315 days of FTCs, which the Court has determined must be exhausted through

5

Patton's ongoing administrative proceeding, Patton's reliance on Woodley is misplaced. As ably noted in the Report,

> *Woodley* involved interpretation of the FSA and found that the FSA requires the BOP to transfer a prisoner to an RRC as soon as the prisoner was eligible. *Woodley*, 2024 WL 2260904. However, in *Woodley*, the BOP agreed that the petitioner in that case was immediately eligible for transfer to an RRC – and proffered reasons the transfer had yet to occur (which the court found unavailing). *Id*. Here, on the other hand, the petitioner's entitlement to transfer to an RRC prior to September 3, 2024 (the date he is currently eligible for transfer to an RRC), is not in question. As such, *Woodley* does not provide a basis for ordering the petitioner's immediate transfer to an RRC.

(DE 7 at 6.) Unlike in *Woodley*, Patton challenges whether his sentence has been miscalculated and, if so, whether he has a right to release to an RRC. Accordingly, Patton's case is distinguishable from *Woodley*, and so the Court overrules his objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 7) and incorporates it here by reference.

It is, therefore, **ORDERED** that Patton's petition is dismissed without prejudice, without leave to amend, and without issuance and service of process. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 5, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.